**AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff,**

v.

**CELLSTAR CORPORATION, Defendant.**

**No. CIV.A. H–01–2285.**

United States District Court, S.D. Texas.

Jan. 28, 2002.

Jeffrey Parsons, Houston, for Plaintiff.

George Chandler, III, Houston, for Defendant.

Opinion

HUGHES, District Judge.

1. *Background.*

This is a collection case. American Motorists Insurance Company issued Cellstar Corporation a one-year ocean marine global transportation policy and now sues to recover insurance premiums of almost $200,000. Cellstar says it owes nothing or should receive a refund.

Both parties have moved for summary judgment about how to adjust premiums under the policy. Because the contract says what it says, American will recover the premiums it claims.

2. *The Contract.*

The contract has these three premium terms:

• *Deposit.* This amount is paid at the beginning of the covered period. It is a cash flow credit-risk provision.

• *Minimum.* This is the smallest amount of money that Cellstar may pay American for the insurance. It must pay this amount, regardless of its actual sales volume in a country. For this contract, American set the minimum premium as the deposit premium.

• *Computed.* At the end of the year, Cellstar reports its actual sales in each country. The country-specific rates are applied to the sales in each country—the result is a *computed* premium. These amounts are compared to the deposit premiums. Where the computed premium is above the deposit, Cellstar will pay American the difference. Where it is less than the deposit, American will refund the difference between the computed premium and the minimum premium.

A. *Minimum Premium.*

American maintains that the contract sets a minimum premium and a deposit for each county. It says that, under the contract, the premium owed by Cellstar can never fall below the minimum premium for each country.

Cellstar argues that the policy does not require it to pay a minimum premium for each country. It says the contract requires only a deposit premium based on expected sales in each country and sets an *aggregate* minimum premium of $894,747. It is wrong.

The contract lists the seventeen countries where Cellstar does business, and, for each, a different rate, deductible, deposit premium, and minimum premium. It requires the use of minimum premiums for each country, and it is clear that they were used; the seventeen minimum premiums add up to $894,747. The total minimum premium listed in the contract's declara-

tions does not convert the country-specific minimum into an aggregate minimum.

B. *Up and Down.*

American claims that Cellstar owes $192,213, because the computed premium exceeded Cellstar's deposit premium for ten countries.

Cellstar argues that it should get a refund of $8,095 or not pay American anything because its deposit premium was larger than its actual sales in seven countries. It misreads the contract.

The contract allows for the deposit premiums to be adjusted up or down unless the minimum premium is reached. When the total computed premium—based on actual sales—exceeds the deposit premium paid, additional money is owed. When the computed premium falls below the deposit paid, a refund would be due but only for the difference to the minimum premium specified for each country. In other words, the minimum premium limits the downward adjustment. Because in this contract the deposit premium equals the minimum premium for each country, no refunds could have been due.

3. *Conclusion.*

On American Motorists Insurance Company's motion for summary judgment, it will recover the premiums owed by Cellstar Corporation. Cellstar's cross-motion for summary judgment will be denied.